UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAYLENE GALLETTI<br>3113 Hancock Highway<br>Equinunk, PA 18417<br><br>    Plaintiff,<br><br>v.<br><br>WALMART, INC.<br>702 S.W. 8th Street<br>Bentonville, AR 72716<br><br>    Defendant. | NO._____ |

**COMPLAINT**

Plaintiff, Jaylene Galletti ("Ms. Galletti" or "Plaintiff"), through her undersigned attorney, brings the following Complaint against the above-captioned Defendant.

**PARTIES**

1. Plaintiff is an adult individual, citizen, resident and domiciliary of the Commonwealth of Pennsylvania, with a home address of 3113 Hancock Highway, Equinunk, PA 18417.

2. Defendant, Walmart, Inc. ("Walmart"), is, upon information and belief, a corporation, partnership or other business entity in the State of Arkansas, with a principal place of business, place of incorporation and citizenship of 702 S.W. 8th Street, Bentonville, AR 72716.

**JURISDICTION AND VENUE**

3. Jurisdiction is conferred pursuant to 28 U.S.C §1332 as Plaintiff is a citizen, resident and

domiciliary of the Commonwealth of Pennsylvania and Defendant is a citizen of, maintains a principal place of business in and is a domiciliary of the State of Arkansas.

4. There is, therefore, complete diversity of citizenship between Plaintiff and Defendant.

5. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest, fees and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), as the personal injuries that are the subject of this litigation occurred in Honesdale, Wayne County, PA, within this District.

## FACTS

7. On October 5, 2020, Ms. Galletti was a business invitee at the Walmart store located at 723A Old Willow Avenue in Honesdale, PA, when she sustained severe personal injuries by virtue slipping and falling on liquid/a slippery substance that was allowed to remain on the store's floor (the "Floor") after the store was on notice/should have been on notice of such condition.

8. Such violent incident caused Ms. Galletti to a) sustain the permanent injuries described below, that have caused her body to not heal or function normally with further medical treatment; and b) suffer significant financial harm.

## COUNT ONE – NEGLIGENCE

9. Plaintiff incorporates, by reference, the foregoing paragraphs, as though set forth fully herein.

10. As the direct and proximate cause of Defendant's negligence as stated above, Ms. Galletti has suffered severe permanent physical injury/disfigurement and financial loss.

2

11. The injuries that Ms. Galletti has sustained are permanent in nature. Ms. Galletti has suffered great physical and mental pain and anguish, and in all reasonable probability, will continue to suffer in this manner for a long time in the future, if not for the balance of her natural life.

12. As a further result of the above negligent acts committed by Defendant, Ms. Galletti has incurred and will continue to incur substantial medical expenses/liens for medical care and attention and will continue to incur additional medical expenses/liens into the foreseeable future.

13. In addition, Ms. Galletti has suffered other economic injury and will likely continue to suffer such economic injury.

14. Defendant allowed the subject liquid to remain on the Floor and/or did not properly remove the liquid from the Floor, in a careless, and/or negligent manner so as to have caused the aforesaid slip and fall incident to occur.

15. Defendant had a duty to Ms. Galletti to not allow the subject liquid to remain in the Floor and to properly remove the subject liquid from the Floor.

16. Defendant had or should have had actual and/or constructive notice of the subject liquid being on the Floor, yet took no action, insufficient action or improper action to make such condition safe for individuals in Ms. Galletti's position.

17. Defendant breached said duty, as set forth below.

18. As a direct and proximate result of the aforesaid acts, omissions, carelessness, and/or negligence on the part of Defendant, Ms. Galletti suffered severe personal injuries; has been and will be in the future, made to endure great pain and suffering, both physical and mental in nature, has been and will be in the future required to expend great sums of

money for medical services; has been and will be in the future prevented from attending to her regular activities, duties and responsibilities; has been and will in the future be made to suffer lost earnings and other pecuniary loss.

19. The aforesaid accident was caused by the negligence and/or carelessness, of Defendant, because it:

   (a) Allowed the subject liquid to remain in the Floor after it was on notice or should have been on notice of the liquid being on the Floor;

   (b) Did not properly remove the liquid from the Floor after it was on notice or should have been on notice of the liquid being on the Floor;

   (c) Had actual and/or constructive notice of the liquid being on the Floor, yet took no action, insufficient action or improper action to make such condition safe for individuals in Ms. Galletti's position;

   (d) Otherwise failed to keep the Floor in a safe condition;

   (e) Otherwise failed to exercise due care under the circumstances.

20. As the result of the above-referenced incident, Ms. Galletti suffered painful and serious permanent injuries, including, but not limited to:

   (a) left knee subchondral fracture;

   (b) anterior lateral femoral condyle;

   (c) horizontal fracture;

   (d) pregnancy complications/harm;

   (e) radiculopathy;

4

(f) cervicalgia;

(g) nerve damage throughout her body;

(h) neuropathy

(i) strains, sprains, disc bulges and disc herniations throughout her body, the extent of which is presently unknown;

(j) torn ligaments and tendons throughout her body, the extent of which is presently unknown;

(k) head injuries, the extent of which is presently unknown; and

(l) emotional harm, the extent of which is presently unknown.

21. As a result of such accident, Ms. Galletti has incurred unreimbursed medical expenses/medical liens and will continue to incur said medical expenses for an indefinite time into the future.

22. As a result of such accident, Ms. Galletti suffered grievous pain and suffering and may continue to suffer same for an indefinite time into the future.

23. As a further result of such accident, Ms. Galletti has suffered and will continue to suffer a loss of life's pleasures.

**WHEREFORE**, Plaintiff, Jaylene Galletti, demands judgment against the Defendant in an amount in excess of $150,000.00, plus costs, fees and whatever additional relief that this Honorable Court deems just and appropriate.

                                        **THE BARRIST FIRM, LLC**

                                        Adam S. Barrist, Esq.
                                        THE BARRIST FIRM, LLC
                                        P.O. Box 1820
                                        Media, PA 19063

                                        Attorney for Plaintiff

Date:  January 20, 2022

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAYLENE GALLETTI<br>3113 Hancock Highway<br>Equinunk, PA 18417<br><br>    Plaintiff,<br><br> v.<br><br>WALMART, INC.<br>702 S.W. 8th Street<br>Bentonville, AR 72716<br><br>    Defendant. | NO._____ |

## JURY DEMAND

Plaintiff, Jaylene Galletti, hereby demands a trial by twelve (12) jurors.

        Respectfully submitted,

        **THE BARRIST FIRM, LLC**

        By:_____

        Adam S. Barrist, Esq.
        THE BARRIST FIRM, LLC
        P.O. Box 1820
        Media, PA 19063

        Attorney for Plaintiff

Date:  January 20, 2022